<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JHON YEBES, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 21-12810 (JMV) |
| v. | : | |
| | : | **OPINION** |
| CINDY SWEENEY, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**VAZQUEZ, District Judge:**

Petitioner is a state prisoner currently incarcerated at East Jersey State Prison, in Rahway, New Jersey.  He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus (hereinafter "Petition"), pursuant to 28 U.S.C. § 2254.  Before the Court is Respondent's Limited Answer, seeking to dismiss the Petition as untimely. (D.E. 13.)  For the reasons set forth below, the Court will dismiss the Petition with prejudice as time barred and will not issue a certificate of appealability.

## I.     BACKGROUND

On October 5, 2012, after a jury trial, the New Jersey Superior Court sentenced Petitioner to an aggregate term of thirty-two years in prison, subject to the No Early Release Act, for two robbery convictions. *State v. Yebes*, No. A-2098-12T1, 2014 WL 8771089, at *2 (N.J. Super. Ct. App. Div. May 6, 2015).  He filed a notice of appeal with the New Jersey Superior Court, Appellate Division, on January 14, 2013, (D.E. 13-5, at 8), and that court affirmed on May 6, 2015. *Yebes*, 2014 WL 8771089, at *1.  On or about May 20, 2015, (D.E. 13-5, at 9), Petitioner filed a petition

for certification to the Supreme Court of New Jersey, and that court denied certification on September 25, 2015. (D.E. 13-4.) Petitioner did not seek certiorari from the United States Supreme Court.

Petitioner then filed a petition for post-conviction relief ("PCR") with the New Jersey Superior Court, on December 9, 2015. (D.E. 13-5, at 1.) About a year later, on December 19, 2016, the PCR court dismissed the PCR petition for PCR counsel's failure to file a timely brief. (D.E. 13-6, at 2.) It was not until September 6, 2017, that PCR counsel filed a brief in support and a motion to reinstate the PCR petition. (D.E. 13-7, at 1–3.)

On May 21, 2018, the PCR court denied the PCR petition. (D.E. 13-8.) Petitioner did not file a notice of appeal until August 3, 2018, (D.E. 13-9), and the Appellate Division affirmed on December 31, 2019, (D.E. 13-10). The parties have not advised as to when Petitioner filed a PCR petition for certification, but the Supreme Court of New Jersey denied certification on March 24, 2020. (D.E. 13-11.)

Petitioner filed his initial petition on June 15, 2021,[1] raising among other things, a variety of ineffective assistance of counsel and trial court error claims. (D.E. 1, 4.) As the Petition appeared to be facially untimely, the Court ordered a limited answer on the issue of timeliness. (D.E. 6.) Respondent filed his Limited Answer, (D.E. 13), Petitioner filed an Opposition, (D.E. 15), and Respondent did not file a reply.

## II.      STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth

---

[1] The date Petitioner contends that he hand-delivered his initial petition for mailing. (ECF No. 4, at 14.)

"facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. In other words, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III.   DISCUSSION

As mentioned above, Respondent contends that the instant Petition is untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[2] A state-court criminal judgment becomes "final" within the meaning

---

[2] The statute states that the limitation period shall run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A).

In the present case, Petitioner completed his direct appeals on September 25, 2015. (D.E. 13-4.)  As Petitioner did not seek a writ of *certiorari* from the United States Supreme Court, his judgment became final on December 24, 2015, after the time to seek certiorari had expired. *Swartz*, 204 F.3d at 419 (holding that judgments become final at the conclusion of direct review which includes the ninety days' time for filing a petition for writ of certiorari).  Accordingly, Petitioner's habeas time started on December 25, 2015, and absent tolling or other considerations, his habeas petition was due one year later, by December 25, 2016.  Consequently, as Petitioner did not file the instant Petition until June of 2021, his Petition is untimely unless he can justify tolling the limitations period.

**A.  Statutory Tolling**

First, the Court will address whether Petitioner's state PCR proceedings have rendered the Petition timely.  In general, the filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period.  *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  A prisoner's application for state collateral review is "'properly filed'

---

> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence ....

28 U.S.C. § 2244(d)(1).  There is no indication that any subsection other than (A) is applicable here.

when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

A timely PCR petition filed during the one-year period will suspend its running; it will not, however, revive a one-year period that has already expired.  *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed.").  On the other hand, an untimely PCR petition "is not properly filed for the purposes of tolling." *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).  As a result, if a state court determines that a PCR petition is untimely, that is "the end of the matter" for the purposes of statutory tolling. *Pace*, 544 U.S. at 414; *Jenkins*, 705 F.3d at 85–86.

Petitioner's judgment became final on December 24, 2015. (D.E. 13-5, at 1.)  As Petitioner filed his PCR petition earlier that month, on December 9, 2015, no statutory time elapsed until December 19, 2016, when the PCR court dismissed the proceedings for PCR counsel's failure to file a timely brief. (D.E. 13-6, at 2.)  As a result, with no PCR proceedings pending, Petitioner's time ran from December 19, 2016, until September 6, 2017, when PCR counsel filed a brief in support and a motion to reinstate, resulting in 261 days of un-tolled time. (D.E. 13-7, at 1–3.)

On May 21, 2018, the PCR court denied relief, and Petitioner filed an appeal with the Appellate Division on August 3, 2018, which, accounting for the 45 days that he had to appeal, resulted in 29 days of un-tolled time.[3] (D.E. 13-8, 13-9.)  On December 31, 2019, the Appellate Division affirmed the denial of post-conviction relief. (D.E. 13-10).  As the parties have not

_____

[3] N.J. Ct. R. 2:4-1(a).

advised as to when Petitioner filed his PCR petition for certification, the Court will assume that Petitioner filed it within time. The Supreme Court of New Jersey denied the PCR petition for certification on March 24, 2020. (D.E. 13-11.)

Unlike on direct appeal, the ninety-day period that petitioners have to file a petition for writ of certiorari on PCR appeal does not toll the limitations period under the AEDPA. *E.g.*, *Stokes v. District Attorney of Cnty. of Phila*, 247 F.3d 539, 542 (3d Cir. 2001); *Pagliaroli v. Johnson*, No. 18-9585, 2021 WL 3206789, at *4 (D.N.J. July 29, 2021); *Ransome v. Holmes*, No. 12-4889, 2013 WL 6253668, at *4 (D.N.J. Dec. 4, 2013).  As a result, Petitioner's time ran from March 24, 2020, until June 15, 2021, the day Petitioner filed his initial petition, which resulted in another 448 days[4] of un-tolled time. Taken together, the total amount of un-tolled time between when Petitioner's judgment became final and when he filed his initial petition, is 738 days.  Accordingly, absent equitable tolling, the AEDPA's one-year statute of limitations bars this case.

### B.  Equitable Tolling

Next, Petitioner argues that the Court should equitably toll any remaining time because he has been diligent in pursuing his rights and because he lacked legal assistance, lacks legal knowledge, is illiterate, and does not speak English. (D.E. 15.)  He also complains that he only learned of PCR counsel's failure to file a timely brief after receiving Respondent's Answer. (*Id*. at 4.)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.  "There are no bright lines in determining whether equitable tolling is warranted in a given case."  *See Pabon v. Mahanoy*, 654 F.3d 385, 399

---

[4] The Court notes that this time period—448 days—itself violates the 1-year filing period.

(3d Cir. 2011).  The Third Circuit explained that "equitable tolling is appropriate when principles

of equity would make rigid application of a limitation period unfair, but that a court should be

sparing in its use of the doctrine."  *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*,

654 F.3d at 399)

For equitable tolling to apply, the Third Circuit elaborated on the requirement of reasonable

diligence:

> The diligence required for equitable tolling purposes is reasonable
> diligence, not maximum, extreme, or exceptional diligence, [citing
> *Holland v. Florida*, 560 U.S. 631, 653 (2010)].  "This obligation
> does not pertain solely to the filing of the federal habeas petition,
> rather it is an obligation that exists during the period appellant is
> exhausting state court remedies as well."  *LaCava v. Kyler*, 398 F.3d
> 271, 277 (3d Cir. 2005) . . . .  The fact that a petitioner is proceeding
> *pro se* does not insulate him from the "reasonable diligence" inquiry
> and his lack of legal knowledge or legal training does not alone
> justify equitable tolling.  *See Brown v. Shannon*, 322 F.3d 768, 774
> (3d Cir. 2003).

*Ross*, 712 F.3d at 799–800.  Next, a court may find extraordinary circumstances where (1) the

petitioner has been actively misled; (2) the petitioner has in some extraordinary way been

prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the

wrong forum.  *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).  However, "[i]n non-capital

cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found

to rise to the 'extraordinary' circumstances required for equitable tolling."  *Id.* (citations omitted).

Turning first to whether Petitioner was reasonably diligent, Petitioner argues that he was

diligent as soon as he "regained control of the case upon learning of the N.J. Supreme Court's

March 24, 2020[,] denial . . . through" the Public Defender's November 21, 2020, letter, that he

allegedly did not receive until March of 2021. (D.E. 15, at 3–4.)  Petitioner argues that he was

diligent because he submitted his initial habeas petition only "three months after learning about the . . . denial" of his PCR petition for certification. (*Id*. at 4.)

In order to diligently pursue his federal rights, however, Petitioner "needed to file his habeas petition" within a year of when his judgment of conviction became final "and request a stay and abey of his habeas petition while he litigated" his planned PCR claims. *Bennett v. Clark*, No. 16-3687, 2017 WL 6758399, at *5 (E.D. Pa. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 6731622 (E.D. Pa. Dec. 29, 2017) (citing *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (finding that petitioner failed to diligently pursue his federal rights by not filing a "protective" federal petition while pursuing state collateral relief)); *see also, e.g. Acevedo v. Nogan*, No. 17-12892, 2021 WL 2981026, at *4 (D.N.J. July 15, 2021); *Cutler v. Davis,* No. 20-9011, 2021 WL 2411306, at *3 (D.N.J. June 14, 2021).  Petitioner failed to file a protective § 2254 petition, which he could have personally filed at any point during his PCR proceedings.  Petitioner could have also periodically inquired with the Supreme Court of New Jersey, or his PCR counsel, as to the status of his case.  Such inquiries might have allowed him to discover the denial of his PCR petition for certification at a significantly earlier time.

Next, Petitioner blames PCR counsel for the 261 days of un-tolled time, due to counsel's failure to file a timely PCR brief. (D.E. 13-7, at 1–3.)  His attorney's failure to file a timely brief, however, does not excuse his failure to diligently pursue his federal rights. *Wallace v. Mahanoy*, 2 F.4th 133, 150 (3d Cir. 2021) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (finding that attorney error is generally not a basis for equitable tolling in non-capital cases); *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (holding that misunderstanding the exhaustion requirement does not merit equitable tolling)).  In any event, excusing the 261 days alone would not have rendered his Petition timely as discussed in note 4 above.

As to his remaining arguments, Petitioner argues that his late filing was due to his lack of legal knowledge, his illiteracy, his inability to speak English,[5] and his lack of legal assistance, but such circumstances do not warrant equitable tolling. *See, e.g.*, *Walker v. Ricci*, No. 09-5325, 2013 WL 3223552, at *11 (D.N.J. June 25, 2013) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Pryor v. Yatauro*, No. 12-1427, 2013 WL 2242460, at *3 (D.N.J. May 20, 2013); *Hudson v. New Jersey*, No. 11-6962, 2012 WL 1551369, at *3 (D.N.J. May 1, 2012) (noting that ignorance of the law, lack of law-clerk assistance, and illiteracy do not justify tolling the limitations period); *see also Almazan v. Commonwealth of Pa.*, 80 F. Supp. 3d 602, 609 n.1 (E.D. Pa. 2015) (collecting cases that found that language barriers did not warrant equitable tolling).

With regard to extraordinary circumstances, Petitioner fails to demonstrate that "there was an obstacle *beyond Petitioner's control that necessarily prevented* him from filing a timely petition," nor does he allege that he was actively misled or pursued his rights in a wrong forum. *Phillips v. D'Illio*, No. 15-2884, 2016 WL 54673, at *4 (D.N.J. Jan. 4, 2016) (emphasis added). In addition, as discussed in the Court's Limited Order to Answer, (ECF No. 6), Petitioner's late filing was likely due to his mistaken belief that he had "90 days plus a year" to file his § 2254 petition after the denial of his PCR petition for certification, *i.e.*, that the ninety-day period to file a petition for writ of certiorari on PCR appeal would toll his one-year limitations period. (D.E. 4, at 14.)[6]  In truth, however, as Petitioner had already accumulated 290 days of un-tolled time before the denial of his PCR petition for certification, he had only 75 days of statutory time remaining.

---

[5] Petitioner appears to have prepared his filings with the assistance of a prison paralegal.

[6] Moreover, excusing 90 of those 448 un-tolled days would not have rendered the Petition timely, as Petitioner had already accumulated 290 days of un-tolled time prior to the denial of his PCR petition for certification.

Petitioner's lack of legal knowledge and his mistaken tolling calculations do not constitute extraordinary circumstances. *See, e.g.*, *Fahy*, 240 F.3d at 244 (noting that mistakes do not generally rise to extraordinary circumstances); *Walker*, 2013 WL 3223552, at *11.

For all of those reasons, the Court finds that Petitioner has failed to demonstrate reasonable diligence or extraordinary circumstances to justify tolling, and thus, his Petition remains untimely. *Darden*, 477 F. App'x at 918.  As a result, the Court will dismiss the Petition with prejudice as time barred.

## IV.    CERTIFICATE OF APPEALABILITY

The AEDPA provides that petitioners may not appeal a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,"  a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable that the Petition is untimely, and that Petitioner has failed to demonstrate that he is entitled to equitable tolling.  Consequently, the Court will not issue a certificate of appealability.

## V.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition with prejudice, and will not

issue a certificate of appealability.  An appropriate Order follows.


_3/27/2023_____

Date

_____

JOHN MICHAEL VAZQUEZ

United States District Judge